Opinion delivered June 18, 1887.

No. 5485.

E. C. WHITE *v.* THE STATE.

THEFT—FACT CASE—INTENT.—See the statement of the case for evidence *held* insufficient to support a conviction for cattle theft, because insufficient to establish a fraudulent intent in the taking.

APPEAL from the District Court of Ellis. Tried below before the Hon. Anson Rainey.

This was a conviction for the theft of a cow, the property of one H. A. Vanderford, and the penalty assessed was a term of two years in the penitentiary.

H. A. Vanderford was the first witness for the State. He testified that some time in the spring of 1885 he lost a cow in the "seven up and seven down" brand (thus: $7\lambda$), and the NM brand. She was a black and white animal, her neck being almost entirely black. Witness bought that animal from a man who bought her from McCloud, who gave the NM brand. Witness went to see defendant about the animal, and he said: "I got a cow of that description—one branded seven up and seven down brand. If she had the NM brand I did not see it. She was an east Texas cow, and east Texas cows have so many brands on them that one can not always tell how they are branded. I have authority from John Giddins to gather cattle in the $7\lambda$ brand." Defendant said at once that he was satisfied, from witness's description, that he had taken witness's cow, and that he would pay witness for her, and did give the witness another cow and calf in payment. Defendant at that time was an extensive dealer in cattle, "well to do," and with good credit. He was now a poor man. The animal lost by witness was an east Texas cow. She was taken without the witness's consent. Defendant told witness that he sold the cow to a butcher.

A. E. McCarty, the next witness for the State, testified that he

knew as a fact that defendant, who at the time was his partner, paid Mr. Vanderford a cow and a calf for a cow in the "seven up and down" brand, which he sold to Mr. Tate, a butcher, on account of White & McCarty. The charge on Tate's books was afterwards changed to defendant individually. Defendant then claimed authority to gather stock in the seven up and down brand from Giddins, the owner of the brand.

Mr. Tate, the butcher, testified, for the State, that he had no recollection of purchasing the particular animal in question from defendant. He, however, bought a great many cattle from defendant in 1885. He remembered that some time in the spring of 1885 he gave White & McCarty credit on his books for a cow, and afterwards, as directed, changed the credit to White's individual account.

John Giddins testified, for the State, that defendant had authority from him, in 1885, to gather cattle in the seven up and down brand. Witness told him that he had sold McCloud two cows, upon which McCloud put his brand, —NM,— and not to gather them. Defendant never reported to witness the sale of a seven up and down brand cow.

*D. F. Singletary* and *W. B. Wynne* and *R. M. Wynne*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

Willson, Judge. This conviction must be set aside because it is not only not supported by, but, in our judgment, is contrary to, the evidence. If the cow which defendant sold to the butcher was Vanderford's property, which by the evidence is not made certain, the defendant's explanation of his possession and disposition of said cow was reasonable and natural, and by other evidence was proved to be true. He made no attempt to conceal the fact that he had taken and sold a cow such as the one owned and lost by Vanderford. In fact he furnished all the material information about the said cow, and the disposition thereof, that was obtained by Vanderford or the prosecution, and, believing himself that it was Vanderford's cow which he had taken, he promptly paid for the same. His explanation and conduct in relation to said cow indicate strongly that he acted in good faith in taking her, and negative the conclusion that he

took her fraudulently. We think the trial judge erred in refusing defendant's motion for new trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*